## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARVIN DAVIS,** | : | **CIVIL ACTION NO. 1:13-CV-0367** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS DECKER**, et al., | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

Marvin Davis, ("Davis"), presently a detainee of the United States

Immigration and Customs Enforcement ("ICE"), incarcerated at the York County

Prison, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant

to 28 U.S.C. §2241, on February 13, 2013, seeking release from mandatory detention.

(Doc. 1).  For the reasons set forth below, the petition will be denied.

## I.     Factual Background

Davis, a native of and a citizen of Jamaica, was admitted to the United States

on or about October 1996, as a lawful permanent resident.  (Doc. 1, at 2.)  He was

convicted in the Commonwealth of Virginia of possession of marijuana with the

intent to sell or distribute in violation of Code of Virginia sections 18.2-248.1, and

sentenced to a term of imprisonment.  (Doc. 10-1, at 29-30.)  He was released from

custody on August 7, 2009.

He also had an "open case" in Philadelphia, Pennsylvania, for manufacture,

deliver; possession with intent to manufacture or deliver, criminal conspiracy

engaging in manufacture, deliver, with intent to manufacture or deliver; possession

of contraband substance; use and possession of drug paraphernalia; and possession of instrument of a crime with intent, for which a bench warrant was issued due to his failure to appear on April 13, 2009. (Doc. 1, at 3; Doc. 10-1, at 14.) On August 10, 2011, he was arrested on the active warrant by the Philadelphia Police and taken into custody. (Doc. 1, at 2-3; Doc. 10-1, at 18.) The Philadelphia County charges were eventually dismissed by the Philadelphia Court of Common Pleas on December 17, 2012. (Doc. 10-1, at 22.)

While in custody, he was interviewed by ICE. (Doc. 1, at 3.) Thereafter, an "I-247 immigration detainer" was lodged against him based on the 2009 Commonwealth of Virginia conviction. (Id.) On August 31, 2011, ICE issued a "Notice to Appear" for removal proceedings under section 240 of the Immigration and Nationality Act (the "Act"), as amended, charging that he was removable under sections 237(a)(2)(A)(iii) because he was "convicted of an aggravated felony as defined in section 101(a)(43)(B) of the Act," and 237(a)(2)(B)(i) in that he was "convicted of a violation of (or any conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." (Doc. 10-1, at 5.) He was taken into ICE custody on December 20, 2012. (Doc. 1, at 3.)

Davis first appeared before the immigration court on January 10, 2013, and requested a continuance to seek counsel. (Doc. 10-1, at 31, ¶ 3.) He next appeared on February 5, 2013, and admitted to the allegations contained in the Notice to Appear, and sought another continuance. (Id. at ¶ 4.) On March 5, 2013, Davis appeared before the immigration court and conceded the charges of removability. (Id. at ¶ 5.) He was ordered removed from the United States to Jamaica on that date. (Id.; Doc. 10-1, at 36.) Davis filed a timely appeal with the Board of Immigration Appeals, which remains pending, and also filed a motion to dismiss removal charges and terminate removal proceedings. (Id. at ¶ 6; Doc. 10-1, at 37, 42.)

## II.    Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of aliens on bond, § 1226 (c)(1) states that "[t]he Attorney General shall take into custody any alien who– (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1). Aggravated felonies fall under § 1226(a)(2)(A)(iii).

Davis first argues that he should not be subject to mandatory detention under Section 1226(c) because ICE did not immediately place him into custody when he was released from prison on the allegedly removable offense. Under 8 U.S.C. § 1226(c)(1)(B), the Attorney General ***shall*** take into custody "any alien who . . . (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A) (ii), (A)(iii), (B), (C), or (D) of this title, . . . ***when the alien is released***, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(B) (emphasis added).

However, as the Government points out in its answer to the petition regarding this claim (Doc. 10, at 10-11), on April 22, 2013, the Third Circuit resolved this issue, reversing Sylvain v. Holder, 2011 WL 2580506 (D.N.J. June 28, 2011) on appeal, and holding that the ICE does not lose its authority to impose mandatory detention under 8 U.S.C. § 1226(c), even if the Government has delayed in detaining the alien when the alien was released from state or federal custody. Sylvain v. Attorney General of U.S., 714 F.3d 150, 157, 161 (3d Cir. 2013). The Third Circuit concluded:

> Our holding rests on a simple observation:  even if the statute calls for detention "when the alien is released," and even if "when" implies some period of less than four years, nothing in the statute suggests that officials lose authority if they delay.  With this holding, we neither condone government indolence nor express approval for the delay in this case.  But as the Supreme Court has explained in a related context, "[t]he end of exacting compliance with the letter of [the statute] cannot justify the means of exposing the public to an increased likelihood of violent crime by persons on bail, an evil the statute aims to prevent." Montalvo–Murillo, 495 U.S. at 720.  Accordingly, we will reverse the District Court's judgment.

Id. at 161.  The Third Circuit's mandate in Sylvain definitively bars Davis's "when released" claim, which is based on the identical argument rejected in Sylvain.

Moreover, as he was only recently taken into ICE custody on December 20, 2012, Davis cannot assert a claim of unreasonably prolonged detention in violation of the Due Process Clause under Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011) (finding that Diop's nearly three year detention was unconstitutionally unreasonable and, therefore, a violation of due process).  In Diop, the Third Circuit concluded that the mandatory detention statute, § 1226(c), implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.  656 F.3d at 231.   In this case, Davis's mandatory detention is less than six months.  It is clear that the March 5, 2013 order of removal is not administratively final and that his detention is authorized by 8 U.S.C. § 1226(c).  Davis alleges no facts to show that his continued detention, is or will become unreasonably prolonged or indefinite.  At this juncture,

his detention is both mandatory and constitutionally permissible, and his petition for release from custody will be denied.

An appropriate order will be entered.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      June 12, 2013

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARVIN DAVIS,** | : | **CIVIL ACTION NO. 1:13-CV-0367** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **THOMAS DECKER**, et al., | : | |
| | : | |
| **Respondents** | : | |

## <u>ORDER</u>

AND NOW, this 12th day of June, 2013, upon consideration of the petition for

writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge